### JAMES MORSE v. SPRAGUE T. HALE.

*Arbitration.   Award to be coextensive with submission.*

If two entire subject matters are submitted to arbitrators and only one of them is awarded upon, the award will not be binding.

The plaintiff had commenced a suit against the defendant for hoisting the plaintiff's mill gate and the defendant had commenced a suit against the plaintiff for raising his mill dam and thereby flowing the defendant's land. Both suits and all matters involved in them, were submitted by the same submission, to three referees, who heard the evidence in reference to each suit separately, and agreed upon and made an award in favor of the plaintiff in reference to his suit, but did not agree, respecting the defendant's suit, in reference to which an award was made and signed by two only of the arbitrators. *Held* that the award in the plaintiff's favor was wanting in finality, and invalid.

ASSUMPSIT on an award.   Plea, the general issue; trial by jury, December Term, 1854.—POLAND, J., presiding.

The plaintiff read in evidence a submission, signed by both the plaintiff and the defendant, which was as follows, viz :

" Whereas, Sprague T. Hale has a suit pending in Caledonia " county court, against James Morse for damages, for flowing the said " Hale's land, as the said Hale alleges, by reason of the said Morse " raising his mill-dam, and whereas, the said Morse has a suit pend- " ing in the same court, against said Hale, for hoisting the said " Morse's mill-gate.   Now, therefore, the parties to said suits here- " by agree to refer all and singular the matters involved in each of " said suits to the arbitration, award and final decision of Worcester " Hunt, James Gilchrist, and Alexander Johnson,   *   *   * (provides for the time and place of hearing, and rules by which the arbitrators are to be governed)   *   *   *   and upon the " conclusion of hearing of said suits, the arbitrators shall publish " in said suits an award in writing ;"—together with an award in writing signed by said arbitrators, which had exclusive reference to the suit commenced in favor of the plaintiff against the defendant. The plaintiff then introduced as a witness, Worcester Hunt, one of the arbitrators, who testified that he, Gilchrist, and Johnson, all signed the award presented by the plaintiff; that a majority of the arbitrators made an award in favor of Hale, in the other case, but that he did not agree to it nor sign the award; that at the commencement of the trial before the arbitrators, there was some-thing said about blending the two cases together in one trial; the

counsel for Morse argued in favor of it, but Hale's counsel argued the other way, and the arbitrators so ruled; that he did not know that the parties assented to this, in any way, except to go on; that after the evidence was concluded, both cases were argued together, and the arbitrators then considered the cases separately, and made separate awards; and upon the cross examination, he testified, " We considered we had separate cases to try, by the submission. We finished the evidence in Hale's case first, and then the evidence in Morse's suit, against Hale. We intended to follow the written submission in making the awards."

No other evidence was introduced by either party, and the court, upon this evidence, ruled that said award was invalid, and directed a verdict for the defendant; to which ruling the plaintiff excepted.

———— ———— for the plaintiff.

*B. N. Davis*, for the defendant.

The opinion of the court was delivered by

REDFIELD, CH. J. It is a well settled rule of the law of arbitration, that if two entire subject matters are submitted, and only one of them awarded upon, the award is not binding, on the ground that it is probable that the party might not have agreed to submit one alone. This applies with peculiar force, when the claims are upon different sides of the submission, and especially in a case like the present, where there are mutual law suits between the parties. It is scarcely supposable that the defendant, in this case would have submitted the plaintiff's suit and not his own. And as no award was made upon the defendant's suit, we think it must be regarded, that the award is not such, as the submission contemplated. It is wanting in finality. The case of *Randall* v. *Randall*, 7 East. 81, is very much in point, upon this question.

Judgment affirmed.